IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES E. HAMNER
ADC # 143063                                                PLAINTIFF

v.                          No. 5:18-cv-60-DPM-JTK

RORY GRIFFIN, Deputy Director,
Healthcare Services, ADC, *et al.*                          DEFENDANTS

## ORDER

**1.** On *de novo* review, the Court adopts the 18 March 2019 partial recommendation, № 138, and overrules Hamner's objections, № 142. Getting necessary mental-health medication is certainly a serious medical need. But Hamner hasn't cleared the high bar of showing that the sporadic missed doses were the result of Defendants' deliberate indifference to that need. The motions for summary judgment, № 102 & № 105, are therefore granted. Hamner's claims against Allen, Gardner, Harris, Kelley, Leaks, Wilson, and Power are dismissed with prejudice.

**2.** On *de novo* review, the Court partly adopts and partly declines the 13 March 2019 partial recommendation, № 137, and sustains Hamner's objections, № 141. FED. R. CIV. P. 72(b)(3). The Court adopts the recommendation as to Grievance MX-15-985, which was explicitly

rejected for valid procedural reasons. *№ 101-2 at 3*. The claims in that grievance are dismissed without prejudice for failure to exhaust.

The Court declines the recommendations as to the other three grievances at issue—VSM 16-3316, VSM 16-3721, and VSM 16-3882. The Department argues that in those grievances, "Hamner grieved multiple issues" in violation of the grievance policy and that prison officials therefore addressed only the first issue in each of those grievances. *№ 101-3 at 2–3*. The Court disagrees.

This isn't a situation where Hamner raised clearly unrelated complaints in a single grievance. Instead, the issues he raised in these grievances were intertwined: In each, he complained about missing particular doses of medication and noted that this was an ongoing problem he'd tried to resolve with Griffin. Yet none of the grievance responses informed Hamner that prison officials were construing his grievances as presenting a multiple-issue problem. *№ 101-2 at 6–7, 9–10 & 11–12*. The prison could have rejected each grievance outright on that basis, or it could have explicitly noted that it was only reaching the first complaint because of the single-issue policy. Instead, the responding prison officials stood silent on the Griffin layer in each grievance and expected Hamner to know that that layer was being rejected for procedural reasons. These circumstances present an "administrative scheme so opaque" that "no ordinary prisoner can discern or navigate it." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016).

Griffin's exhaustion argument in his motion for summary judgment, № 99, is therefore denied. The Court returns the remainder of that motion to the Magistrate Judge for a recommendation in due course.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 May 2019