# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHARLES E. HAMNER,
ADC #143063                                                                                          PLAINTIFF

5:18CV00060-DPM-JTK

RORY GRIFFIN, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Charles Hamner is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants improperly failed to provide mental health medications on numerous occasions while he was incarcerated at the Varner Super Max Unit. (Doc. No. 5) Defendants Gibson, Taylor, Plummer, Christopher, Bailey, Strain, Coffield, and Washington were dismissed on March 28, 2018. (Doc. No. 10) Defendants Allen, Gardner, Harris, Kelley, Leaks, Wilson, and Power were dismissed on April 17, 2019 (Doc. No. 142).

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by Defendant Rory Griffin. (Doc. Nos. 99-101). Plaintiff filed a Response (Doc. No. 120), and Defendant filed a Reply. (Doc. No. 129) I issued a Proposed Findings and Recommendation on March 13, 2019, recommending that Griffin's Motion be granted based on Plaintiff's failure to exhaust his administrative remedies with respect to issues raised in four

grievances he filed. (Doc. No. 137) I then recommended dismissal on that basis without addressing Griffin's remaining arguments in support of dismissal. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). Following Plaintiff's Objections (Doc. No. 141), United States District Judge D. P. Marshall Jr. adopted my recommendation with respect to an issue raised in one of the four grievance complaints but concluded that Plaintiff was unable to exhaust the issues raised in the remaining three grievances due to an "'administrative scheme so opaque' that 'no ordinary prisoner can discern or navigate it.'" (Doc. No. 143, p. 2 (quoting Ross v. Blake, 136 S.Ct. 1850, 1859 (2016)). Therefore, Judge Marshall denied Griffin's Motion with respect to the allegations in those three grievances and returned the remainder of the Motion to me for further recommendation (Id., p. 3).

**II.     Facts**

In his Amended Complaint, Plaintiff alleged Defendant Griffin failed to adequately train and supervise the medical personnel who denied him adequate mental health treatment and medication while he was incarcerated at the Varner Super Max Unit. (Doc. No. 5, p.7) He also claimed Defendant knew of the inadequate treatment and failed to resolve the situation, which caused Plaintiff to try to harm himself. (Id.)

**III.    Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

3

demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition to the exhaustion argument referred to above, Defendant Griffin asked the Court to dismiss Plaintiff's claims against him because his supervisory allegations are not an appropriate basis for liability under § 1983, citing Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). In addition, Defendant asked the Court to grant qualified immunity on the deliberate indifference claim based on Plaintiff's failure to show that his conduct violated a constitutional right.

In response, Plaintiff maintained that Griffin knew of his serious medical needs and problems with receiving adequate doses of medication for several years and also knew "his subordinates" were deliberately indifferent to Plaintiff's serious medical needs. (Doc. No. 120, p. 2) Plaintiff stated that on one occasion Griffin acted in response to a grievance, but that the problem persisted. He stated prison officials have a constitutional duty to ensure that prisoners receive medical treatment and that Griffin was aware of the ongoing medication problems and acted deliberately indifferent to it.

Qualified immunity protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly

4

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendant Griffin stated in his Declaration that as Deputy Director for the ADC Health and Correctional Services, he is responsible for: medical and mental health services, treatment programs, sex offender assessments, accreditation, Paws in Prison, transportation, healthcare grievances, chaplaincy services, and industry and volunteer services. (Doc. No. 101-4) When he

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

reviews a medical grievance appeal, he makes sure he understands what the inmate is grieving, whether the concern was relayed to the medical department, and whether the medical department adequately responded to the complaint. (Id., p. 2) He does not: provide medical treatment to inmates, supervise medical staff, schedule appointments or arrange transportation to see medical providers, become involved in the day to day delivery of medical care, or make clinical recommendations for medical decisions. (Id., pp. 2-3)   The purpose for his review of a grievance is not to second-guess the medical decisions made by medical personnel, but rather, to make sure the concern is relayed to the medical department, determine what actions were or were not taken by the medical department, and make sure the department adequately addressed the inmate's concern. (Id., p. 3)

With respect to the incidents at issue in this Complaint, Defendant Griffin reviewed three grievances in response to Plaintiff's appeals:

1) VSM 16-3316. In this grievance, Plaintiff complained he did not receive his prescribed 225 mg dose of Effexor during the morning pill call on October 3, 2016. (Doc. No. 101-4, p. 3). The infirmary responded the nurse charted that three 75mg doses of Effexor were given to him on October 3, 2016, but that doses since that date were not been charted. (Id., pp. 3-4) The medical department found the grievance without merit as to Plaintiff's October 3 complaint, but with merit due to later undocumented doses, and directed the health services administrator to review proper medication administration and documentation with staff. (Id.) In reviewing Plaintiff's appeal, Griffin stated he reviewed his electronic Medication Administration Record (MAR) and the medical department's response to the grievance, and found that the medical department responded appropriately that the nurse documented that she administered his medication on October 3 and

6

Plaintiff did not provide any evidence to the contrary. (Id., pp. 3-4)

  2) VSM 16-3721. Plaintiff complained he did not receive his prescribed Effexor during the morning pill call on November 6, 2016. (Id., p. 4)   Medical responded to the grievance that the MAR showed Plaintiff was administered his morning dose of Effexor on November 6, 2016 and that staff confirmed the administration of the dose. (Id., p. 5) Griffin again reviewed Plaintiff's MAR and the infirmary response and concluded that the medical department responded appropriately to Plaintiff's complaint. (Id.)

  3) VSM 16-03882. Plaintiff complained he did not receive the 200 mg dose of his Tegretol during the morning pill call on November 16, 2016, and the evening pill call on November 17, 2016. (Id.) The infirmary explained he was ordered Tegretol 200 mg twice daily in the morning and at noon, but on November 16 a doctor entered a new order increasing his dose to three times daily, but failed to discontinue the prior dosage order. (Id., p. 6) Therefore, Plaintiff received two doses on November 16 (noon dose omitted) and three doses on November 17, 2016. (Id.) The grievance was found with merit due to the omitted dose and the administrator was directed to review the proper medication administration and documentation at the next staff meeting. (Id.) Griffin found Plaintiff's appeal without merit, after reviewing the medical response and Plaintiff's MAR record, and based on the medical department's appropriate response. (Id.) Griffin also noted that Plaintiff's Tegretol prescription was discontinued a few days after the medical response, due to nausea and vomiting. (Id.)

  In Plaintiff's deposition testimony, he stated that he "felt he (Griffin) was in a supervisory position. I felt like he should be held accountable for the actions that weren't taken to address the medication issue that I was having...." (Doc. No. 101-5, p. 11)

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). An inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it,

approved it, condone it, or turned a blind eye to it. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.") Furthermore, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decision made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" Keeper v. King, 130 F.3d at 1314 (quoting Camberos, 73 F.3d at 176)). Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)).

Based on the parties' submissions, the Court finds as a matter of law no evidence to support Plaintiff's deliberate indifference claim against Defendant Griffin. Griffin's grievance responsibilities involve reviewing grievances to determine if the medical responses address the issues raised and if needed, to direct medical to take appropriate actions to remedy the situation. (Doc. No. 101-4) The responses to plaintiff's three grievances adequately addressed his complaints, and even though Plaintiff encountered a few problems obtaining the proper dosage of his medication, he provides no evidence that it was a result of Defendant's deliberate indifference or that he suffered a detrimental effect of any delayed medication. Plaintiff clearly stated in his deposition that his complaints were with Griffin's subordinates and Griffin's failure to adequately supervise them. (Doc. No. 101-5, pp. 7-8) Yet, according to Griffin's declaration (and not disputed by Plaintiff), he does not supervise medical personnel or become involved in the day to day

9

delivery of medical care to inmates. Therefore, the Court finds as a matter of law that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Griffin's Motion for Summary Judgment (Doc. No. 99) be GRANTED, and that he be DISMISSED from Plaintiff's complaint with prejudice.

IT IS SO RECOMMENDED this 13th day of May, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE