IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES E. HAMNER,
ADC #143063                                                                                           PLAINTIFF

5:18CV00060-DPM-JTK

RORY GRIFFIN, et al.                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Charles Hamner is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants improperly failed to provide mental health medications on numerous occasions while he was incarcerated at the Varner Super Max Unit. (Doc. No. 5) Defendants Gibson, Taylor, Plummer, Christopher, Bailey, Strain, Coffield, and Washington were dismissed on March 28, 2018. (Doc. No. 10) Defendants Allen, Gardner, Harris, Kelley, Leaks, Wilson, and Power were dismissed on April 17, 2019 (Doc. No. 142), and Defendant Griffin was dismissed on June 14, 2019 (Doc. No. 149).

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendant Krystal Coleman. (Doc. Nos. 146-148). When Plaintiff failed to respond, this Court issued an Order on June 24, 2019, directing him to respond within fifteen days of the date of the Order (Doc. No. 150). The Court further advised Plaintiff that

failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)  Plaintiff submitted an Objection to Defendants' Statement of Facts on July 10, 2019 (Doc. No. 151).

**II.  Facts**

In his Amended Complaint (Doc. No. 5, p. 11), Plaintiff alleged Defendant Coleman acted with deliberate indifference by failing to administer his medication as set forth in Exhibits B, C, G, R, T, U, V, and W, which were attached to his Original Complaint. (Doc. No. 2)

**III.  Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Exhaustion

The Court agrees with Defendant Coleman that Plaintiff failed to exhaust his administrative remedies with respect to several of his complaints against her, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 146-2), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. As set forth in the ADC grievance procedure, an inmate first file an Informal Resolution, and if he/she is not satisfied with the response, may then file a formal grievance directed to the Warden or his designee. (Doc. No. 146-2, pp. 1-2)   If the inmate does not agree with the Warden's decision, he/she may appeal to the Deputy Director. (Id.) The grievance policy instructs inmates that the grievance should include a statement "that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses," and also informs inmates that they must exhaust their remedies as to all defendants at all levels of the procedure before filing their § 1983 lawsuit. (Id., pp. 5-6, 17).

According to Plaintiff's Amended Complaint and exhibits referred to therein, the incidents described in Exhibits B, C, G, R, T, and U do not mention or refer to Defendant Coleman, and Plaintiff failed to exhaust his administrative remedies with respect to any actions she took related to those incidents. Exhibit B is a grievance Plaintiff filed on December 26, 2014 about not receiving a dose of Prozac, and does not mention or refer to Defendant Coleman. (Doc. No. 2, pp. 53-56) Exhibit C is a missed medication form he filed on July 26, 2014 which does not mention or refer to Defendant Coleman. (Id., p. 58)[1] Exhibit G is an affidavit Plaintiff submitted on November 10, 2016, stating that the medication administration records reflect the type of

---

[1] Plaintiff testified in his deposition that the lawsuit concerns events beginning December 1, 2015 (Doc. No. 146-3, p. 20).

medications and doses that are administered on particular dates, and he does not mention any individuals or complain about missed doses of medications. (Id., p 62)  Exhibit R is grievance VSM 17-0422, which Plaintiff filed on January 31, 2017 about a medication change and missed doses of medications by unidentified nurses. (Id., pp. 108-110). In exhibit T, Plaintiff grieved on September 14, 2016, VSM 16-3129, about a blood test and mental health medications, but did not mention or refer to Defendant Coleman. (Id., pp. 114-118) And finally, in Exhibit U, grievance VSM 16-1963, Plaintiff complained about missed doses of medication on June 7, 2016, but did not mention or refer to Defendant Coleman. (Id., pp. 119-121)

Plaintiff objects to the grievance process, stating that it does not specify the number of times he must grieve an individual's deliberate indifference before filing a lawsuit, and claims that although he did not specifically name Defendant Coleman in several grievances, it is an undisputed fact that she is one of the "nurses" employed at the Unit.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the

prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

Plaintiff has submitted no document to show that any of the above-mentioned complaints involved Defendant Coleman or that he exhausted a grievance against her with respect to these issues. In addition, the Court notes that in his deposition testimony, Plaintiff limited his complaints against Defendant Coleman to two incidents, one on July 26, 2016, and one on October 4, 2016. (Doc. No. 146, p. 102) Therefore, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to any complaints related to Defendant Coleman which were set forth in Exhibits B, C, G, R, T, and U of his Complaint.

## B.    Eighth Amendment

The remaining claims against Defendant Coleman involve two missed medication incidents. The first occurred on July 26, 2016, when Coleman advised Plaintiff that his daily dose of medication was not available and had been re-ordered. (Doc. No. 2, pp. 122-124; Doc. No. 146-1, pp. 68-69) According to the grievance response, Defendant Coleman documented that the

6

medication was not available but that it arrived later that same day and Plaintiff received it during the following morning pill call. (Doc. No. 2, p. 122) The second incident occurred on October 4, 2016, when Defendant Coleman allegedly gave Plaintiff one 75 mg dose of Effexor, as opposed to the 225 mg dose he was supposed to receive. (Doc. No. 2, pp. 125-129) Plaintiff alleged that he called her back to his cell and she told him she would return with the proper dose, but never did. (Doc. No. 146-1, p. 78) In the grievance response, Coleman responded that she gave Plaintiff the correct quantity and dosage on that date. (Doc. No. 2, pp. 125-129)

Dr. Albert Kittrell, a licensed psychiatrist who is employed by Correct Care Solutions, LLC, reviewed Plaintiff's medical records and his allegations, and concluded that the psychiatric care and treatment provided to Plaintiff was appropriate and satisfactory for his complaints. (Doc. No. 103-5, p. 3)[2] Specifically, while Plaintiff should have received all prescribed doses of medication, he had good compliance compared with other outpatients Kittrell has treated, and Plaintiff was not physically harmed by missing doses of medication sporadically, because he received therapeutic levels of medication from the doses he received. (Id.) Kittrell also noted that Plaintiff testified in his deposition that between December 1, 2015, and December 19, 2017, he accessed and used street drugs in prison, and Kittrell believed Plaintiff is more likely to cause physical damage to himself through that use, than through sporadic missed doses of medication. (Id.)

Plaintiff responds by stating that Coleman admitted that the medication became available

---

[2] Dr. Kittrell's affidavit is dated December 20, 2018, and does not specifically mention Plaintiff's allegations against Defendant Coleman, who did not file an Answer until January 25, 2019 (Doc. No. 111). However, Dr. Kittrell stated in his affidavit that he reviewed Plaintiff's medical records and his deposition testimony, which included Plaintiff's complaints about Defendant Coleman. (Doc. No. 146-3, p. 3)

7

on July 26, 2016, yet she still did not bring it to him until the next day. He also complains that he did not have an opportunity to "interrogate" Coleman because his deposition was taken prior to the time she was served. Finally, he states the missed doses of medication caused him to be placed on suicide watch and affected his ability to sleep, eat, or bathe adequately. This also caused him to use street drugs to alleviate his pain and suffering.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). An inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

Based on the submissions of the parties and other evidence in the record, the Court finds

as a matter of law that no evidence supports Plaintiff's deliberate indifference claim against Defendant Coleman. Plaintiff provides no evidence that the missed doses on two occasions were the result of Defendant's deliberate indifference. Rather, at most the missed doses are due to negligence, and the Court finds a lack of evidence to even support that finding. Plaintiff's claim that he was unable to "interrogate" Defendant lacks merit, because summons had been issued for Defendant Coleman at the time of his deposition, and Plaintiff testified about his complaints against her in the deposition.[3] Finally, Plaintiff has provided no medical proof that he suffered any injury as a result of the missed doses. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulaney, 132 F.3d at 1240. Therefore, the Court finds that Defendant's Motion should be granted, and Plaintiff's complaint dismissed.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant Coleman's Motion for Summary Judgment (Doc. No. 146) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO
            RECOMMENDED this 11th day of July, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court also notes that no Defendants were "interrogated" at Plaintiff's deposition.